UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KEVIN MARTIN,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      No. 2:26-cv-00212-JRO-DML
                                       )
GALLION Prison Guard, et al.,          )
                                       )
            Defendants.                )

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff, Kevin Martin, is a prisoner currently incarcerated at Wabash
Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging
constitutional violations against the defendants related to sewage flooding into
his cell. Because Mr. Martin is a prisoner, the Court must screen his complaint.
28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To
determine whether the complaint states a claim, the Court applies the same
standard as when addressing a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).
Under that standard, a complaint must include "enough facts to state a claim to
relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Mr. Martin asserts claims against six defendants: 1) Officer Gallion, 2) Officer Elkins, 3) Officer Reed; 4) Officer Heaterbrand; 5) Officer Martin; and 6) Caseworker Moody.  He seeks monetary damages only.

Mr. Martin's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). On August 1, 2025, Mr. Martin's toilet flooded and covered his cell with wastewater and fecal matter. Officer Martin stated he was going to call maintenance but left Mr. Martin in the hot, sewage-infested cell for more than thirteen hours without allowing him to access the holding cell bathrooms.

The next day, a mentally ill inmate in a cell near Mr. Martin put clothing into his cell toilet and flooded the adjacent cells, screamed all night, and repeatedly threw feces. When Mr. Martin asked Officer Gallion, Officer Martin, Officer Elkins, and Officer Reed for mental health services, they denied him.[1] Mr. Martin was forced to eat in his cell while it was flooded and contaminated

---

[1] It is unclear whether Mr. Martin was attempting to access mental health services for the mentally ill inmate or himself.

with human waste, and he was unable to pray because of these conditions. Mr. Martin had no access to water or shade while on the recreation pad.

On August 3, 2025, Officer Gallion and Officer Elkins refused to allow Mr. Martin to use the holding cell bathroom. Officer Heaterbrand turned off the water line so that the mentally ill inmate would no longer flood the cells. However, the next day Officer Reed turned on the water line again, and the inmate again flooded all the cells. Mr. Martin then wrote to Caseworker Moody, who moved him to a different cell.

Mr. Martin believes that Officer Gallion retaliated against him by not letting him use the holding cell bathroom and failing to provide him cleaning supplies because of his previous grievance activity. Mr. Martin alleges that Grievance Specialist Coakley retaliated against him because she failed to respond to his grievances in a timely manner or resolve his problems. However, he did not name her as a defendant in his complaint.

### III. DISCUSSION OF CLAIMS

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Martin has identified the theories he wishes to use—retaliation in violation of the First Amendment, conditions of confinement in violation of the Eighth Amendment, and deprivation of his religious freedoms in violation of the First Amendment. Where a pro se litigant has expressly stated the legal theory or theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing

3

*Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Martin's claims only under the theories he has identified against the defendants he has named.

The Court accepts Mr. Martin's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all First Amendment retaliation claims against Officer Gallion are **dismissed for failure to state a claim.** Construing Mr. Martin's complaint liberally, he alleges that Officer Gallion retaliated against him by failing to remedy the flooding issue in his cell because of his previous grievance activity. These vague allegations are insufficient to state a claim under the First Amendment. *See also Santiago v. Anderson*, 496 F. App'x 630, 633 (7th Cir. 2012) (stating that inmate's claim "that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading"); *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient").

Second, Mr. Martin's complaint does not state a claim against Caseworker Moody. Instead, the complaint conveys that once Caseworker Moody became aware of the cell conditions, they moved Mr. Martin to another cell. Dkt. 1 at 8. Thus, the Court cannot infer that Caseworker Moody "w[as] subjectively aware of [the cell] conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021). Thus, the Court **dismisses** claims against Caseworker Moody.

Mr. Martin's Eighth Amendment deliberate indifference claims for damages against Officer Gallion, Officer Elkins, Officer Reed, Officer Heaterbrand, and Officer Martin and First Amendment free exercise claims for damages against Officer Gallion, Officer Elkins, Officer Reed, and Officer Martin **shall proceed**.

### IV. CONCLUSION AND ISSUANCE OF PROCESS

The discussion of claims in Part III includes every claim the Court identified in the complaint. If Mr. Martin believes he asserted additional claims that the Court failed to address, he must file a motion to reconsider this order **no later than August 25, 2026**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to serve Officer Gallion, Officer Elkins, Officer Reed; Officer Heaterbrand; and Officer Martin, employees of the Indiana Department of Correction, electronically.

**SO ORDERED.**

Date:  7/31/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KEVIN MARTIN
169789
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic Service to IDOC Employees:
       Officer Gallion
       Officer Elkins
       Officer Reed
       Officer Heaterbrand
       Officer Martin

(All at Wabash Valley Correctional Facility)